HENRY F. JOHNSON vs. FRANCIS H. KINNICUTT.

Where the owner of a block of stores, and of land adjoining thereto, made a con-
veyance of a part of the latter, parallel with and at the distance of twenty feet
from the former, " together with the right of passing and repassing over the space
of twenty feet between the west wall of the store aforesaid and the eastern line
of the before granted premises ; " it was held, that these terms were descriptive
of the land, in, through, and over which, the grantee was entitled to a right of
way, but did not describe the limits of the way granted ; and that the grantee was
thereby entitled to a convenient way, within the land so specified, adapted to the
convenient use and enjoyment of the land granted, for any useful and proper
purpose, for which it might be used.

THIS was an action on the case for an alleged obstruction
of the plaintiff's right of passage over land adjoining his
estate, and was submitted to the court upon the following
facts agreed by the parties : —

On the 18th of July, 1843, Charles Paine and Henry Paine,
being the lawful owners of certain premises in Worcester, sold
and conveyed the same to the plaintiff, with certain rights as
incident thereto, by their deed of that date, which contains
the following description, namely : " Beginning at a point on
the south side of said Walnut Street, which shall be twenty
feet west in a horizontal line from the north-west corner of
the brick store of the grantors on Main Street, and now occu-
pied by F. H. Kinnicutt, thence running southerly and par-
allel with the west wall of the block of stores of the grantors
occupied by said F. H. Kinnicutt and others, at a distance
of twenty feet west of said wall to land of George Brinley,
being about one hundred and eight feet, more or less, thence
turning and running westerly and bounded on the south by
land of said Brinley about eight feet to the north-eastern
corner of land of Warner Hinds, thence continuing in the
same direction and bounded on the south by land of said
Hinds, till it comes to land of Isaac Davis, thence turning
and running northerly and bounded on the west by land of
said Davis till it comes to the south side of said open road
commonly called Walnut Street, thence turning and running
easterly and bounded on the north by said Walnut Street, to

the point of starting, together with the right of passing and repassing over the space of twenty feet between the west wall of the store aforesaid and the eastern line of the before grant ed premises." *

The plaintiff has ever since continued to be, and now is, the owner of the estate conveyed to him by this deed. The defendants, at the time of the conveyance, were and ever since have continued to be the occupants of one of the stores in the brick block, being the store named in the deed as " occupied by F. H. Kinnicutt ; " and during the whole time of such occupation, they have at all times kept boxes, barrels, &c., piled up against the rear of the store, and within and upon the space of twenty feet between the store and the plaintiff's estate.

If the court should be of opinion, that the plaintiff, by virtue of the deed above mentioned, took the right of passing and repassing over the whole of the space of the twenty feet mentioned therein, as and for a passage way, and to have the

* Plan of the premises.

whole of it kept open and unmolested at all times, then judg-
ment is to be entered for the plaintiff for the sum of twenty-
five dollars damage ; but if the court should be of opinion,
that such is not the true construction of the deed, but that it
merely conveys to the plaintiff a convenient right of passage
way, of reasonable and convenient width, over the said space
of twenty feet ; or that the right conveyed by the deed is
other than that of a passage way as wide as the whole of the
space of twenty feet ; then this statement of facts is to be
discharged, and the case to be submitted to a jury, under such
directions, as the court shall determine the true construction
of the deed requires.

*P. C. Bacon,* (with whom was *I. M. Barton,*) for the
plaintiff, argued, that, from the terms of the deed, the mani-
fest intention of the parties, and the facts agreed, the plaintiff
was entitled to an absolute right of passing and repassing over
and using the whole of the space of twenty feet, described
in the deed, as a passage way ; and, consequently, that he
had a right to have the whole width thereof kept open and
unencumbered for his use. *Salisbury* v. *Andrews,* 19 Pick.
250 ; *Underwood* v. *Carney,* 1 Cush. 285.

*J. C. B. Davis,* (with whom was *H. Chapin,*) for the
defendants.

1. By the deed from the Paines to the plaintiff, the latter
acquired only a convenient right of way in and over the space
of twenty feet described in the deed. This construction is
required by the terms of the deed, which first describes a
space of twenty feet in width, and then gives the right of
passing and repassing over the same. It is equally required
by the situation and nature of the estates on each side and
the use previously made of the land adjoining. The stores
in the occupation of the defendants were built long before the
conveyance to the plaintiff, and the defendants were then and
ever since have been using the passage way in the manner
complained of. Such use was essential to the convenient
enjoyment of their estates, and must have been so understood
by the plaintiff and his grantor, when the conveyance was

made.    *Choate* v. *Burnham*, 9 Pick. 274; *Salisbury* v. *Andrews*, 19 Pick. 250.

2. If the plaintiff is entitled only to a convenient right of way, then the defendants may use the land in any manner consistent with such right.    *Atkins* v. *Bordman*, 20 Pick. 291; *Atkins* v. *Bordman*, 2 Met. 457; *Chandler* v. *Goodrich*, 9 Shepl. 78; *Jackson* v. *Allen*, 3 Cow. 220; *Senhouse* v. *Christian*, 1 T. R. 560.

SHAW, C. J.    This action is case for the obstruction of a private right of way, over a space twenty feet wide, and about one hundred and eight feet long, running back from a public highway, and adjoining the plaintiff's land.    The plaintiff claims title under a deed from Charles Paine and Henry Paine to himself.    It is conceded, that these grantors owned in fee the block of stores on Main Street, in Worcester, a part of which is now occupied by the defendants, together with the land immediately back of the stores, and extending back westerly, so as to include the land conveyed to the plaintiff. On the 18th of July, 1843, Charles and Henry Paine, then being the owners thereof, conveyed a tract described as bounded easterly by a line twenty feet distant from the block of stores, and parallel thereto, to hold in fee, — there being a space twenty feet wide between the land conveyed and the block of stores, — " together with the right of passing and repassing over the space of twenty feet between the west wall of the store aforesaid and the eastern line of the before granted premises."    The land thus conveyed being bounded on one side on Walnut Street, which is a public highway, the private way granted by the deed communicates with Walnut Street, and runs the whole length of the lot conveyed.

The obstruction alleged is the placing of bales and boxes by the defendants on a part of the space adjoining the store occupied by them.    The defendants insist, that notwithstanding the placing of such bales and boxes on a part of the space, it is no disturbance of the plaintiff's right of way, because, as they allege, there is sufficient room left to afford the plaintiff a convenient way, and that he can claim no more.    On the

contrary, the plaintiff claims, that he is entitled to an unobstructed use of the whole space between the parallel lines, for a way; and that any obstruction therein, to prevent such a use, is a disturbance of the right granted him by the deed.

This question must depend entirely upon a just construction of the terms of the grant. The grantors owned both estates in fee, and they might grant a more or less restricted right, by way of covenant, as they should think proper. The terms of their deed, delivered by the grantors, as their act, and accepted by the grantees, must be considered as the evidence of their agreement, and the measure of the right granted and acquired by it.

Upon this question, the court are of opinion, that the words in the grant, "the space of twenty feet between" &c., describe the close, in, through, and over which, the plaintiff should have a right of way; but that they do not describe the limits of the way granted. It was therefore the grant of a convenient way, within those limits, adapted to the convenient use and enjoyment of the land granted, for any useful and proper purpose, for which the land might be used, considering its relative position, in reference to Walnut Street, on which it bounded, — to Main Street, — to its location in reference to other parts of the town, — and other like circumstances. If it was well adapted to the erection of dwelling-houses or workshops, or a barn, or for the purposes of a garden, or the like, then the presumption of law is, that either or all such uses were contemplated, and the right of way would extend to the use of it, for foot passage, for horses, cattle, teams, wagons, or otherwise, as the convenient use of the land, for any such purpose, would require.

From this view it follows, that what is a suitable and convenient way must depend on circumstances: first, as to the uses, to which the land granted might be conveniently put, to show what uses were in the mind of the parties, when the conveyance was made; and, secondly, to determine whether the whole or what portion of the "space" must be kept open and unobstructed in order to afford the plaintiff a reasonable

and convenient right of way. It does not therefore necessarily follow, because a portion of this space was covered, that the plaintiff was thereby impeded in the use of a convenient way ; it may or may not be so, and this depends on facts, which must first be inquired into and settled by a jury, unless the case should be otherwise disposed of by the parties. According to the agreement, the statement of facts is to be discharged, and the case stand for trial.