### SYLVESTER PHIPPS *vs.* NATHANIEL JOHNSON.

In a reservation of a right of way over a lot of land for the purpose of repairing a building on an adjoining lot at all times when necessary, the provision that "said passway shall be only a foot passage for said purpose" does not definitely locate the way.

If the grantor of a lot of land reserves "the right to pass and repass over the granted premises for the purpose of repairing his building" on an adjoining lot "at all times when necessary," the grantee is entitled to reasonable notice of the intention of the grantor to make repairs, before being liable to an action for obstructing the right of way.

TORT for obstructing the plaintiff's right of way over the defendant's land by maintaining a building thereon. Writ dated November 27, 1865.

At the trial in the superior court, before *Ames*, C. J., it appeared that the plaintiff and the defendant were respectively owners of adjoining lots of land in Hopkinton, the plaintiff being the grantee of Benjamin F. Herrick, and the defendant of Oramel Martin and said Herrick; that on the plaintiff's lot Herrick, before conveying it to the plaintiff, had erected a building, which, by an error in ascertaining the dividing line, extended across said line and upon the defendant's lot, then owned by Martin and Herrick, eighteen inches at the ground and twenty-nine inches at the eaves; that in the subsequent conveyances by Martin and Herrick to the defendant there was a reservation of a right of way to repair this building, in the following terms · "And the said Herrick, his heirs and assigns, is to have the right and privilege to pass and repass over the above granted prem ises for the purpose of repairing his building at all times when necessary, the said passway to be only a foot passage for said purpose;" that, after this, Herrick made his conveyance to the plaintiff; and that the defendant then erected on his lot a building which, there was evidence tending to show, " was so near to the plaintiff's building as to make it inconvenient to make the desired repairs and in part almost impracticable." But " it did not appear that the plaintiff gave the defendant notice that there was any necessity to make repairs before this action was brought, or that he complained of any encroachment on the alleged right

of way, except that the defendant's building stood too near the dividing line."

It further appeared that in February 1863 the plaintiff brought an action against the defendant in the superior court in which it was agreed by the parties that, inasmuch as it "involved a question of the boundary line between the land of the plaintiff and the land of the defendant," "the said action and all questions involved therein" should be referred to three arbitrators, whose award was returned into court in December 1864, when judgment was entered thereon; and that by this award and judgment it was determined that the plaintiff's building extended over the boundary line as above set forth, but also that the defendant's building was "placed so near said line that a space of suitable width is not left open for the use of the plaintiff" to repair his building, and nominal damages were awarded to the plaintiff for "said encroachment" on his right of way. And the declaration in the present action expressly alleged that the obstruction complained of was the maintenance by the defendant of his building in the same position in which it was at the time of said award and judgment.

The plaintiff asked the judge to instruct the jury to find specially "the width of the passage way to which he was entitled," and also to rule that "by virtue of the aforesaid award, the position of the buildings being the same now as before, he was entitled to a verdict at least for nominal damages." But the judge refused this request, and instructed the jury "that the reservation under which the plaintiff claimed did not give him the right to erect or maintain a building extending beyond the limits of his own land and encroaching upon that of the defendant, but only gave him a right to pass and repass over the defendant's land to have such access to his own building for the purpose of making repairs as would be reasonably convenient supposing his building were standing wholly on his own side of the dividing line; and that the defendant had not made himself liable in this action by placing his building as it now stands, provided he left sufficient space for the plaintiff after setting back his building so that it should stand wholly on his own

land, to make his repairs without great or heavy increase of ex‹ pense, time or difficulty, as compared with the usual mode of making such repairs." And the judge also ruled "that, notwith‧ standing the former judgment, it was competent for the defend‐ ant to claim and to show that the position of his building waɐ nol of itself a disturbance of any right of way which the plain‐ tifl could hold under said reservation."

A verdict was returned for the defendant; and the plaintiff alleged exceptions.

*L. H. Wakefield,* for the plaintiff.

*T. H. Sweetser,* ( *C. Meserve* with him,) for the defendant.

CHAPMAN, J. The deed of Martin and Herrick to the defend‐ ant contains the following reservation: " And the said Herrick, his heirs and assigns, is to have the right and privilege to pass and repass over the above granted premises for the purpose of repairing his building at all times when necessary, the said pass‐ way to be only a foot passage for said purpose."

This was not a reservation of a right to pass at all times; and intervals of many months or years might elapse in which there would be no occasion to make repairs. During these intervals there would be right to use the way. And as the plaintiff might need to occupy more space in passing for the purpose of making some kinds of repairs than he would need for making other repairs, the way, though a mere foot way, was not definitely located.

For all purposes consistent with this occasional right of way, the right to use the land was conveyed to the defendant. It would be construing his deed very strongly against him to hold that he is bound to keep the land free from all obstructions, at all times, so that this passage way can be used without notice. It would deprive him of the use of the land to an unreasonable extent. Nor is there any occasion to require this of him. The making of repairs requires some preparation, so that the owner of the building may, without detriment to his own rights, give reasonable notice that he is about to repair and will have occa‐ sion to use the way. Considering the purpose and character oᶠ the reservation, and construing the deed most strongly against

the grantor, the court are of opinion that the defendant was entitled to reasonable notice that the plaintiff was about to repair, before being liable to an action for obstructing the way. If it were not so, he could not even place a cart or wagon upon it temporarily without exposing himself to an action for damages.

This decision renders it unnecessary to consider the other points that have been discussed.        *Exceptions overruled.*