## WILLIAM MANSFIELD *vs.* MARY SHEPARD.

Norfolk.   Jan. 31.— March 2, 1883.   FIELD & W. ALLEN, JJ., absent.

If a person has a privilege of taking stones and gravel from land of another, where it is most convenient and least prejudicial, to build and repair a dam and canal, and a privilege of passing and repassing from a road through the land with teams, by gates or bars, for the purpose of building and repairing said dam and canal, where most convenient and least prejudicial, the owner of the land subject to the easement is entitled to reasonable notice of the intention of the owner of the easement to make repairs, before being liable to an action for obstructing the right of way.

TORT for obstructing an easement.   Trial in the Superior Court, without a jury, before *Gardner*, J., who found for the defendant; and the plaintiff alleged exceptions.   The facts appear in the opinion.

*T. E. Grover*, for the plaintiff.

*E. Ames & F. D. Ely*, for the defendant.

MORTON, C. J.   This case is not distinguishable from *Phipps* v. *Johnson*, 99 Mass. 26.   In that case, the plaintiff had a right to pass and repass over the defendant's land, "for the purpose of repairing his building at all times when necessary."   It was held that the defendant was entitled to reasonable notice that the plaintiff was about to repair, before being liable to an action for obstructing the way.

In the case before us, the plaintiff has a similar easement over the land of the defendant.   He has "a privilege of taking stones and gravel on our land, where it is most convenient and least prejudicial, to build and repair said dam and canal; also a privilege of passing and repassing from the road through our land to said premises, with teams, &c., by gates or bars, for the purpose

of building and repairing said dam and canal, where most convenient and least prejudicial."

The obstruction complained of consists of a strong, substantial fence, having in it a gate four feet wide, which the defendant keeps locked, which fence, when the gate is closed, prevents the plaintiff from. passing and repassing to procure gravel for the repair of his dam, as he has been accustomed to do.

The grant to the plaintiff does not give him the right to pass at all times. He has only a right to pass when it is necessary to repair his dam. Intervals of uncertain length must occur in which there would be no occasion to use the way. The defendant has the right to make any use of her land which is not inconsistent with this occasional right of way.

To hold that she is bound at all times to keep the way free from obstructions would unreasonably deprive her of the use of her land. This is not necessary for the protection of the plaintiff. The building of the fence is not in itself a denial of his right of way, and there is no hardship in requiring him, when he has need to use the way, to notify the defendant so that she may open the gate, or, if the plaintiff has the right, and insists upon it, to pass with teams, may enlarge the opening. Otherwise, the right to an occasional use would be converted into a right of a permanent and constant use.

It is not necessary to consider what might be the rights of the plaintiff as to removing the fence in the case of a sudden freshet, or other exigency, requiring immediate repairs of the dam. Such a case is not here presented.

We are of opinion that the ruling of the Superior Court, that the defendant was entitled to a reasonable notice before she was liable to be sued for an obstruction, was correct.

*Exceptions overruled.*