## Trimmer et al. v. Trimmer et ux.

*Edmund K. Trent*, for plaintiffs.

*Rahauser, Van der Voort & Royston*, for defendants.

ELLENBOGEN, J., July 11, 1944.—This is an action of trespass quare clausum fregit for nominal damages brought for the purpose of determining the extent of a right of way extending across the southern part of plaintiff's land in Moon Township, Allegheny County, and appurtenant to defendants' adjoining lot. Defend-

ants filed an affidavit of defense raising questions of law which is now before the court en banc for disposition. In passing thereon we must base our decision on the facts as alleged in the statement of claim.

On July 12, 1927, George C. Trimmer and Laura J. Trimmer, his wife, the common predecessors in title of both defendants and plaintiffs, conveyed to their son, George W. Trimmer and his wife, defendants herein, the westerly portion of a tract of land located in Moon Township, Allegheny County, together with the following right of way:

". . . This conveyance is made together with the grant of a right of way over and across other property of grantors lying to the east of the property herein conveyed; said right of way for ingress, egress, and regress to and from the property hereby conveyed to be over a strip 22.47 feet in width extending across the southern portion of grantors' property lying to the east of premises herein conveyed, said strip being that portion of grantors' property which would be within the lines of Seventh Avenue as shown on Thorn Grove Plan No. 3 recorded in Plan Book Vol. 30, page 140, if extended, across grantors' property."

Upon the death of George C. Trimmer and his wife, the easterly tract of the property involved, the servient land, devolved to the present plaintiffs. "During the autumn of 1928, defendant George W. Trimmer placed a row of flat stepping stones" within the limits of the 22½-foot strip across the northern end of plaintiffs' lot, at a distance of approximately 8½ feet north of the southern boundary of plaintiffs' lot, "and used the portion of plaintiffs' property south of said stepping stones for the passage of his automobile, and for the passage of coal trucks and delivery trucks going to and from his house and lot, and has continued so to use said space thenceforward to the present time." About a year later, plaintiffs' predecessors in title "erected a wood fence" across the lot, just north of

said stepping stones, at a distance of from 9 feet 4 inches to 8 feet 9 inches from the southern boundary line, and improved the land lying within said 22½-foot strip of ground north of said fence by filling in a gas well and by planting rose bushes and a maple tree. Defendants knew of said improvement, but made no objection thereto. The statement of claim also avers that this left defendants between the fence and the southern boundary of plaintiffs' lot a right of way "of ample width for the passage of defendants and their family, guests, invitees, and business visitors, both on foot and with vehicles of conveyance of every sort necessary to be driven to and from defendants' premises and for ingress, regress, and egress thereto."

On or about July 3, 1941, and on July 23, 1943, George W. Trimmer, the male defendant, broke and entered that part of plaintiffs' close, lying immediately north of the fence, within the 22½-foot strip of ground.

A careful study of the clause granting the right of way shows that the common owner of the entire tract of land which conveyed the right of way to defendants granted them a right of way *over* and across a strip of land 22.47 feet in width (extending across plaintiffs' present lot) and *not* a right of way of a width of 22.47 feet, as contended by defendants. In other words, the common owner did not grant a right of way 22.47 feet wide, but merely a right of way of convenient width to be located over, across, and within the strip 22.47 feet wide. This was not a grant of the whole strip of ground 22.47 feet wide for right of way purposes, but merely a right of way of a convenient width *over* that strip of land. The reference in the deed was not to the width of the right of way, but only as to the area in which it was to be located.

The right of way, as granted, gave to defendants the right to designate and locate over and within the limits of the strip of land 22.47 feet wide a passage

of convenient and suitable width, proper for defendants' needs and the needs of the lot to which the right of way is appurtenant. What would be a proper width for the right of way thus granted must be determined with reference to the purposes for which the lot was granted to defendants and for which it might properly and conveniently be used and enjoyed. Defendants are entitled to a right of way of a width convenient for all the ordinary and proper uses of the land, but not over the entire strip of ground of 22.47 feet, unless such need is reasonably necessary: Johnson v. Kinnicutt, 56 Mass. 153; Short et al. v. Devine, 146 Mass. 119, 15 N. E. 148 (1888) ; Cleaves v. Braman, 103 Me. 154, 68 Atl. 857 (1907) ; Barrett v. Duchaine, 254 Mass. 37, 149 N. E. 632 (1925) ; In re City of Buffalo, 65 Misc. 636, 120 N. Y. Supp. 611 (1910).

In Johnson v. Kinnicutt, *supra*, Chief Justice Shaw, speaking for the court, said (p. 157) :

"Upon this question, the court are of opinion, that the words in the grant, 'the space of twenty feet between' &c., describe the close, in, through, and over which, the plaintiff should have a right of way; but that they do not describe the limits of the way granted. It was therefore the grant of a convenient way, within those limits, adapted to the convenient use and enjoyment of the land granted, for any useful and proper purpose, for which the land might be used, considering its relative position, in reference to Walnut Street, on which it bounded,—to Main Street,—to its location in reference to other parts of the town,—and other like circumstances."

The statement of claim, as already stated, avers not only that the actual width of the right of way of about nine feet was located and designated by defendants, but also that it is of "ample width" for the purposes of defendants and the land to which it is appurtenant. If defendants deny this allegation, the question

whether the right of way as established on the ground is of sufficient width is for the jury.

The statement of claim does not aver that Viola B. Trimmer, the wife defendant, participated in the trespass, and the affidavit of defense objects to her joinder for that reason. However, since this case is filed to determine the extent of a right of way appurtenant to a lot of which she is an owner as a tenant by the entireties, she is a necessary defendant.

The affidavit of defense raising questions of law must be overruled.

### Order

And now, to wit, July 11, 1944, it is ordered that the affidavit of defense raising questions of law be and the same is hereby overruled, and defendants are allowed 15 days from the date of this order within which to file an affidavit of defense within the requirements of the Practice Act of May 14, 1915, P. L. 483, and its amendments.