327 Mass. 711                                    711

Highland Club of West Roxbury v. John Hancock Mutual Life Ins. Co.

HIGHLAND CLUB OF WEST ROXBURY vs. JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    May 29, 1951. — September 17, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Easement. Equity Jurisdiction, Easement. Building.*

An owner of land having an easement to enter an adjoining parcel at
reasonable times to repair a building on his land was entitled to main-
tain a suit in equity to restrain the owner of the servient parcel from
erecting thereon a permanent building so located as to make the fu-
ture exercise of the easement impossible.

A reservation by the grantor in a deed of the right to enter the land con-
veyed to repair a wall of a building on his remaining land so long as the
building was owned or occupied by him, and the "further" reserva-
tion by him in the deed of a right to have flashing maintained between
the wall and "the top of any building that may be built" on the land
conveyed, were not inconsistent, and the reserved right respecting
flashing did not affect his right to enter the land conveyed to repair
the wall while he owned or occupied the building of which it was a
part and had not consented to the erection of a building on the land
conveyed so close to the wall as to require flashing between them.

In a suit in equity to enjoin interference with the plaintiff's easement to
enter the defendant's land to repair a wall of a building on the plain-
tiff's adjoining land, the limits of the space on the defendant's land
required for the exercise of the easement, not having been fixed by the
deed creating it, must be determined by the court.

In a deed conveying a parcel of land adjacent to a building owned by the
grantor, the reservation by him of the right to maintain the eaves and
wall of the building "as the same now are" entitled him to maintain the
eaves and down spouts which were a part of the wall although they pro-
truded over the boundary line of the land conveyed.

BILL IN EQUITY, filed in the Superior Court on January 26,
1951.

The suit was heard by *Nagle, J.*

In this court the case was submitted on briefs.

*L. J. Dunn, James F. Sullivan, & S. S. Dennis,* for the
plaintiff.

*G. K. Richardson & E. S. Tyler,* for the defendant.

WILLIAMS, J. This is a bill in equity to enjoin interference by the defendant with an easement of the plaintiff. The evidence is reported, and the judge has voluntarily made findings of fact so completely and in such detail that they may be treated as a report of material facts. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562, and cases cited. All questions of law, fact and discretion are open for our decision, and if satisfied that any finding of the judge was plainly wrong, we may find facts contrary to such finding. *Gordon* v. *O'Brien*, 320 Mass. 739, 740.

The plaintiff owns a lot of land with a two story building thereon located on Centre Street in the West Roxbury district of Boston. On December 28, 1939, it conveyed to one Mary E. Macdonough the land adjoining this lot on the southwest, which is shown as lot A on a plan of R. H. Gallagher, dated November, 1939, and recorded with Suffolk deeds. The deed of conveyance contained the following reservations. "The grantor herein reserves the right to maintain the eaves and building wall on the Southwesterly side of the building now owned by the grantor as the same now are as long as said building shall remain standing, and to enter the above described parcel at reasonable times to repair the same as long as the said building is owned or occupied by the grantor. The grantor further reserves the right to have proper flashing maintained between the top of any building that may be built on the above described parcel, and the said Southwesterly building wall of the said building now owned by the grantor, at the expense of the grantee, her heirs, executors, administrators, and assigns." After mesne conveyances the defendant acquired this lot on December 20, 1950, from The First National Bank of Boston by deed containing the provision, "Subject to easements reserved by Highland Club of West Roxbury in its deed to Mary E. Macdonough dated December 28, 1939."

The plaintiff's building is of wooden construction with a stone foundation and is clapboarded. Its southwesterly side wall, in which there are twelve or more windows, is located substantially on the lot line between the plaintiff's

and the defendant's land, but at the rear encroaches .03 feet
on the defendant's land.  This wall is about thirty feet in
height, having eaves at the top which extend over the de-
fendant's land 1.67 feet, and two down spouts or water
conductors which extend over the defendant's land about
six inches.  The defendant proposes to construct on its lot
a brick building twenty-six feet in height with concrete
foundations one foot in thickness.  It will be a permanent
structure designed for offices and stores.  Its northeasterly
wall will be about two inches from the plaintiff's south-
westerly lot line and its roof approximately two feet below
the level of the plaintiff's eaves.  The defendant further
proposes to remove the down spouts from the plaintiff's
building and a portion of a wooden water table or sill along
the upper surface of the plaintiff's foundation which ex-
tends slightly over the lot line.  The plaintiff's building will
require repairs and painting in the nature of repairs every
four or five years.

A final decree was entered which provided that "there is
appurtenant to the said land of the plaintiff a right to enter
at all reasonable times upon the said land of the defendant
on and over a strip four feet in width abutting the south-
westerly wall of the plaintiff's building . . . to make neces-
sary and reasonable repairs"; that "the defendant . . . be
. . . enjoined and restrained from erecting or maintaining
any part of any building or structure on said strip four feet
in width . . . so long as the plaintiff's said building is
owned or occupied by the plaintiff for the purposes set forth
in its charter"; that "the defendant . . . be . . . en-
joined and restrained from removing or displacing soil from
the premises of the plaintiff hereinabove described"; and
that "the defendant . . . be . . . enjoined and restrained
from removing or damaging any part of the southwesterly
wall including the foundation, eaves and downspouts of the
plaintiff's building . . . so long as the building on plaintiff's
land remains standing."  From this decree both parties have
appealed.

By reason of the first reservation in the plaintiff's deed to

Macdonough and the provision in the defendant's deed from The First National Bank of Boston above quoted, the defendant holds its land subject to the plaintiff's easement "to enter . . . at reasonable times to repair" the plaintiff's building. Every right necessary for the use and enjoyment of this easement is included in the reservation. *Sullivan* v. *Donohoe,* 287 Mass. 265, 267. *Guillet* v. *Livernois,* 297 Mass. 337, 340. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 298 Mass. 513, 514. *Hodgkins* v. *Bianchini,* 323 Mass. 169, 173. *Ampagoomian* v. *Atamian,* 323 Mass. 319, 322. *Anderson* v. *DeVries,* 326 Mass. 127, 134. And the plaintiff has a right to enter the servient land of the defendant to perform such acts as are reasonably necessary for such use and enjoyment. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 292 Mass. 332, 336.

There is no doubt that the court has the power to restrain the erection or require the removal of buildings or structures which permanently encroach on land over which another has such an easement where such encroachment will interfere with the use of the easement. *Boston Water Power Co.* v. *Boston & Worcester Rail-Road,* 16 Pick. 512, 525. *Cadigan* v. *Brown,* 120 Mass. 493, 494. *Nash* v. *New England Mutual Life Ins. Co.* 127 Mass. 91, 97. *Bailey* v. *Agawam National Bank,* 190 Mass. 20, 24. *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 108–110, and cases cited. *Gray* v. *Howell,* 292 Mass. 400, 403. *Hewitt* v. *Perry,* 309 Mass. 100, 104–105.

The cases of *Phipps* v. *Johnson,* 99 Mass. 26, *Dean* v. *Colt,* 99 Mass. 480, 482–483, and *Mansfield* v. *Shepard,* 134 Mass. 520, relied on by the defendant, are not in principle authorities against the exercise of such power by a court of equity. These cases are actions at law and hold that, where a right of way over the land of another for the purpose of repairing his house has been obstructed, the owner of the right of way must give notice to the obstructing party that he is about to use the way in order to entitle him to maintain an action at law for damages. The owner of a servient estate may make such use of his land as is consistent with the easement of another. *Salter* v. *Boston & Albany Rail-*

*road,* 239 Mass. 235, 248, *Healey* v. *Smith Carriage Co.* 265 Mass. 203, 208–209, *Ampagoomian* v. *Atamian,* 323 Mass. 319, 322; but the corollary of that rule is that he may not use his land in a manner inconsistent with the easement. Here the plaintiff is seeking to prevent a permanent use of the servient land which use will necessarily make impossible the future exercise of its right to enter.

The defendant contends that the reservation as to maintenance of "flashing" is inconsistent with and repugnant to the reservation of a right to enter to make repairs and that it is bound only by the less burdensome easement. As we construe the deed containing the reservations, however, we observe no inconsistency or repugnancy in its terms. The grantor reserves the right to enter the land conveyed for the purpose of repairing its wall. It then "further reserves" a right to have maintained "flashing" between its wall and "the top of any building that may be built." Flashing is a material employed to seal the junction or joint of other materials and is only employed where such materials approach within a short distance of each other. It is the apparent intent of the "further" or alternative reservation as to flashing to provide protection by the use of flashing if a building shall be erected close to the grantor's wall by permission of the grantor or after the expiration of the easement relating to repairs through termination of the plaintiff's ownership or occupation. The reserved right to the maintenance of flashing is to provide only for a future contingency. It does not affect the plaintiff's present easement to enter in order to make repairs.

To ascertain and define the extent of this easement it must be determined how wide a space between the plaintiff's wall and the defendant's building is required to afford the plaintiff a reasonable opportunity to make repairs. *Tidd* v. *Fifty Associates,* 238 Mass. 421, 430. The limits of the space required, not having been fixed by the deed, must be determined by the court. *Mahoney* v. *Wilson,* 260 Mass. 412, 414, and cases cited. The judge has found that a strip of land four feet in width adjoining the plaintiff's south-

westerly wall should be kept free of any permanent structure. The evidence suggests the use of either ladders or a swing staging as the appropriate means to be employed in making repairs to a wall such as the plaintiff's, thirty feet in height, and that the employment of either method would require a space of from four and one half feet to six feet in width. In view of this evidence, which is not controlled by other evidence, the judge in our opinion was wrong in finding that the required space would be a strip only four feet in width.

There was no error in providing by the decree that the plaintiff was entitled to maintain its eaves and down spouts which protrude over the defendant's boundary line. They are a part of the plaintiff's southwesterly wall, the maintenance of which in its then form and condition was provided for in the deed to Mary E. Macdonough.

Certain modifications of the decree are required. In paragraph numbered 4 of the decree the strip to which reference is made should be described as "a strip of land four feet six inches in width abutting the base of the southwesterly wall of the plaintiff's building." In paragraph numbered 5 of the decree the language of the injunction should be "from erecting or maintaining any part of any building or structure on said strip four feet six inches in width as above defined so as to interfere with the use by the plaintiff of its easement to enter to make repairs so long as the plaintiff's said building is owned or occupied by the plaintiff." As so modified the decree is affirmed with costs to the plaintiff.

*So ordered.*