NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-379

PATRICIA EGAN

vs.

BARBARA J. SEIDMAN & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Elmwood Avenue homeowners Barbara Seidman and Kimberly Fuson, the defendants, constructed a stone wall.  Patricia Egan, the plaintiff, filed a complaint alleging, among other things not before us in this appeal, that the wall encroached the boundaries of Elmwood Avenue and obstructed her easement over the unpaved private way.  Following a trial, a Land Court judge entered a judgment in favor of the plaintiff as to the stone wall, and ordered the defendants to remove the wall.  The judge stayed the order pending appeal.  We affirm.

---

[1] Kimberly Fuson.  Defendants Reginald A. Nunnally, Kathlean Nunnally, the heirs of Marian C. Alkins Johnson, Carrie B. Tankard, and Lee Gilliam were not parties to this appeal.

Background.  According to the judge's findings of fact following the trial, Elmwood Avenue is a private way that runs north to south in the town of Oak Bluffs on Martha's Vineyard and "consists of a packed dirt pathway."  The plaintiff lives on the eastern side of the pathway, and the defendants live on the western side.  The traveled portion of the road is wide enough to accommodate the passage of large construction and tree-removal vehicles alongside three utility poles.

Around 2013, the defendants placed hay bales between a utility pole near their property and the traveled portion of the dirt pathway.  The plaintiff objected to the placement of the hay bales because they impeded her ability to use Elmwood Avenue.  Thereafter, the defendants replaced the hay bales with a stone wall "directly beside the existing traveled [path]way." This stone wall "impedes cars from pulling off to the side of the existing traveled [path]way to allow other cars to pass and obstructs pedestrians from stepping out of the way of oncoming traffic."

After hearing testimony, reviewing eighty-one exhibits (including deeds, plans, sketches, and photographs), and viewing Elmwood Avenue and adjacent properties, the judge concluded that the defendants constructed the stone wall "within the layout of Elmwood Avenue" that is the subject of the plaintiff's easement. He reached this conclusion after determining that the plaintiff

2

has an easement over the entirety of Elmwood Avenue, and that the width of that easement extends five feet west of the utility pole near the defendants' property. Because the stone wall, built to the east of the utility pole, constitutes an obstruction to the plaintiff's "rights to pass and repass Elmwood Avenue," the judge concluded that the wall must be removed.

Discussion. On appeal from a judgment after trial, we accept the trial judge's findings of fact unless they are clearly erroneous. Martin v. Simmons Props., LLC, 467 Mass. 1, 8 (2014). We apply de novo review to conclusions of law. Id. Based on these standards, we discern no error from the judge's careful and meticulous review of the evidence and legal conclusions drawn therefrom.

In the absence of an agreement or an instrument specifying the dimensions of the easement, a "court may fix the bounds." Mugar v. Massachusetts Bay Transp. Auth., 28 Mass. App. Ct. 443, 445 (1990). "The extent of an easement depends on the circumstances of its creation." Id. at 444. A judge should consider "dimensions that are reasonably necessary for the enjoyment of the dominant estate, and should not limit the right of way to the purposes for which the dominant estate was used or the means of transportation in common use at the time the easement was created." Cater v. Bednarek, 462 Mass. 523, 529

3

n.18 (2012).  A width that accommodates "a suitable and convenient use of the way" is a question of fact for the trial judge that must be accepted unless "plainly wrong."  Dunham v. Dodge, 235 Mass. 367, 373 (1920).

The defendants concede that each property along Elmwood Avenue is subject to an easement allowing Elmwood Avenue property owners "to pass along the private way for ingress and egress of their properties."  They contend that the judge erred by establishing the width of the easement to allow for two-way traffic.  We disagree.

In the absence of an agreement or instrument specifying the dimensions, the judge had the discretion to fix the bounds of the easement to be consistent with the circumstances of its creation and a suitable and convenient use of the way.  See Dunham, 235 Mass. at 373; Mugar, 28 Mass. App. Ct. at 445.  As the judge found, the origin of this easement is implied from three sets of plans, recorded in 1871, 1906, and 1934, by the grantor, Vineyard Grove Company (VGC), that divided a section of Oak Bluffs into 2,000 house lots, roads, and parks. Sequentially numbered house lots are depicted in these plans, and the house lots of the plaintiff and the defendants are shown on Elmwood Avenue (the 1934 plan obscures the lot numbers by shading lots that have been sold).  In 1924 and 1925, VGC conveyed the house lots comprising the plaintiff's property.  A

4

1995 deed conveyed the plaintiff's property to her, with reference to the 1906 plan and Elmwood Avenue. The source deeds for each of the parties' properties also refer to the 1906 plan. As the judge concluded, "It would be illogical to think that VGC intended anything other than that the owners of the lots adjacent to Elmwood Avenue would be able to use the ways laid out on the [grantor's] plans, including Elmwood Avenue, to access their lots." Because the plans did not represent an accurate survey of the house lots or the adjacent roads, however, the judge concluded that the precise width of the Elmwood Avenue easement could not be determined from the plans.

To establish the width, the judge ably examined the evidence. He first fixed the eastern boundary of Elmwood Avenue at the plaintiff's western property line after crediting testimony of a surveyor. The judge did not credit any plans or surveys establishing the western boundary of Elmwood Avenue. Next, he logically determined that the easement width should facilitate travel "in both directions, on foot or by vehicle, as necessary for the full enjoyment" of the plaintiff's property. This determination is eminently reasonable based on the evidence that showed the southern portion of Elmwood Avenue contains four existing residences, one vacant house lot, and intersections with additional residential roads including Glenwood Avenue and Maple Avenue. Also, the judge credited the surveyor's testimony

5

that the utility poles must be included in the layout of Elmwood Avenue because one purpose of such a private way is to accommodate utilities for the residents.  Thus, the judge's determination that the easement must extend five feet to the west of the utility pole adjacent to the defendants' residence properly established "a suitable and convenient use of the way" for two-way travel and the accommodation of the utility poles.  Dunham, 235 Mass. at 373.  See Johnson v. Kinnicutt, 56 Mass. 153, 157-158 (1848) (judge may determine area that "must be kept open and unobstructed in order to afford the plaintiff a reasonable and convenient right of way").

To the extent the defendants have preserved the argument, we disagree with the defendants' alternative contention that the judge should have considered a remedy short of removing the stone wall because the judge did not also order the removal of other encroachments on Elmwood Avenue.  "There is no doubt that the court has the power to restrain the erection or require the removal of buildings or structures which permanently encroach on land over which another has such an easement where such encroachment will interfere with the use of the easement." Highland Club of W. Roxbury v. John Hancock Mut. Life Ins. Co., 327 Mass. 711, 714 (1951); G. L. c. 185, § 25 (Land Court authority to grant injunctive relief).  Even if there existed other unremedied obstructions on Elmwood Avenue, the stone wall,

6

constructed "directly beside the existing traveled [path]way" posed a specific interference with the plaintiff's ability to navigate along the easement by "imped[ing] cars from pulling off to the side of the existing traveled [path]way to allow other cars to pass and obstruct[ing] pedestrians from stepping out of the way of oncoming traffic." In these circumstances, the judge did not have to remedy every other conceivable encroachment along Elmwood Avenue or formulate a plan for sharing costs of remediation before ordering the removal of the stone wall.

Judgment affirmed.

By the Court (Englander,
  Hodgens & Smyth, JJ.[2]),

_Paul Little_

Clerk

Entered:  August 4, 2025.

---

    [2] The panelists are listed in order of seniority.