—In an action, inter alia, to declare that the plaintiffs have littoral rights in a certain lake, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County, dated November 21, 1977, which granted defendants’ motion for judgment in their favor at the close of the plaintiffs’ case, at a jury trial, and (2) the judgment entered thereon on November 22, 1977, which dismissed the complaint. Order and judgment modified, on the law, by adding thereto provisions excepting from the grant of judgment to defendants the first and sixth causes of action. As so modified, order and judgment affirmed, the first and sixth causes of action are reinstated and severed, and a new trial is granted as to the said causes of action, with costs to abide the event. This is an action in which the plaintiffs seek a declaration of their rights in a lake and to recover damages for interferring with those rights. We agree with the Trial Justice that plaintiffs failed to prove their second, third, fourth and fifth causes of action which sought easements to the lake and an island therein, and damages for an alleged conspiracy to defraud. Those causes of action were properly dismissed. However, it is our opinion that plaintiffs proved a prima facie case with respect to the first and sixth causes of action asserted in the complaint. The pertinent facts are these: At one time the individual defendant’s father, Alfred Ellish, owned some 85 acres of land in the midst of which was situated a small body of water known as Lake Suzanne. There is an island in the Lake known as Water view Island. In its natural state, this lake was a small pond covering *685 approximately five acres of surface area. For more than 25 years, the level of the lake has been artificially raised to approximately 18 acres of surface area. In 1960 Alfred Ellish conveyed a tract on the westerly side of the lake to Lake Suzanne Estates (Estates). The deed from Alfred Ellish to Estates describes the property conveyed by courses and distances and conveys that land "together with such land, if any, that may lie between the rear line of lots in Block U being herein conveyed and the natural high water mark of Lake Suzanne.” Estates subdivided the land and sold all its right, title and interest in the lakefront lots. Through mesne conveyances, the plaintiffs acquired one of these lots in November, 1971. Together with other residents of the area, they have used the lake and island for recreational purposes. In April or May, 1976 the defendants lowered the level of the lake and began to develop the island. The plaintiffs have succeeded to their predecessor’s title to one of the lakefront lots in Block U and the land lying between that lot and the natural high water mark of Lake Suzanne (see Real Property Law, § 245). A party is entitled to littoral rights in a lake if his property touches the water (63 NY Jur, Waters, §§ 191, 207, 211-216). The major issue in this case is whether the boundaries of the property owned by the plaintiffs touch the waters of the lake. Ordinarily, a grant to the high water mark of a body of water does not carry with it any rights in the water itself (Carlino v Barton, 76 Misc 2d 240). However, here the grant was to the "natural high water mark”. If these words are taken to mean the high water mark of the unaltered pond, the plaintiffs’ land extends under the current boundaries of the waters of Lake Suzanne as shown on the maps of Fanley Woods filed in the office of the Clerk of Rockland County and numbered 1967 and 2247, and the tax assessor’s map found in the record. Defendants contend that the words in question refer to the natural high water mark of the artificial lake, not the pond, and that therefore plaintiffs’ land does not touch the water. It is our opinion that the plaintiffs made out a prima facie case under their first cause of action merely by introducing into evidence the deeds in their chain of title showing the grant to the natural high water mark. The word "natural” in this context means: "Existing in, or formed by, nature * * * not artificially made, formed, or constructed” (Oxford English Dictionary [1961], vol VIII, n 6, p 36). Moreover, in determining the intent of the parties, any ambiguity in the language of a deed should be construed most strongly against the grantor and in favor of the grantee (Grafton v Moir, 130 NY 465; 15 NY Jur, Deeds, § 68). The defendants on the other hand contend that in using the word "natural”, Alfred Ellish did not intend to refer to the banks of the unaltered pond. Defendants should be permitted to submit their proofs on this issue. Similarly, plaintiffs’ sixth cause of action, which alleges that defendants deprived them of their littoral rights by wrongfully draining the lake, should have been submitted to the jury. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.