JOSEPH GRAFTON, Appellant, *v.* WILLIAM MOIR, Respondent.

130 465
142 561

130     465
77 AD¹451

A right of way, which is reserved, but not specifically defined in a conveyance, need only be such as is reasonably necessary and convenient for the purpose for which it was created.

In an action to restrain defendant from obstructing an alley-way, the following facts appeared: D., who owned a parcel of land on the corner of two streets in New York city, built thereon four houses fronting on one of the streets, with a stable in the rear of each, leaving an alley-way which afforded access from the side street to the stables. D. subsequently conveyed the corner lot to defendant, reserving "the right of way through and over the carriage or alley-way" to the three stables on the other lots "as long as the said three stables shall be occupied as private stables." The third lot was conveyed to plaintiff. Defendant built over the alleyway a brick building, resting on iron girders, supported by walls on either side. The trial court found that the carriage-way was left as convenient, in regard to breadth, for egress and ingress of vehicles as it was before the changes were made; that it did not appear that such egress and ingress had been in any respect interfered with or rendered less commodious, and that the alley, as it now exists, has sufficient light and air for all purposes of egress and ingress. The complaint was dismissed. *Held,* no error; that defendant's deed vested in him all the rights of absolute ownership, except as restricted by the reservation; that, under the reservation, plaintiff had no right to claim that the whole alley-way should be left open for his use, or to furnish light and air to his stable, but only so much thereof as would afford convenient access to his stable in the usual way, and as would furnish light and air needed for the reasonable enjoyment of the way.

*Brooks* v. *Reynolds* (106 Mass. 31), distinguished.

(Argued December 17, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 22, 1889, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the defendant from obstructing an alley-way, over which the plaintiff claimed a right to pass in order to reach his stable.

In 1852, one Davis owned a parcel of land on the corner of Fifth avenue and Thirty-first street in the city of New York, with a frontage of about 112 feet on the former and 150 feet on the latter. After subdividing said parcel into four lots, substantially equal in size, fronting on the avenue, he erected a house and stable on each and laid out an alley-way about eighteen feet wide, extending from Thirty-first street across the rear of the property so as to afford access to the stables. Thereafter, and on June 1, 1852, he conveyed the corner lot, reserving a right of way over the alley to the stables on the other three lots, and subsequently it was conveyed to the defendant with the same reservation. After this conveyance had been recorded, and on December 31, 1852, said Davis conveyed the third lot from the corner, with a right of way over the alley, and subsequently the same was conveyed to the plaintiff. The stables fronting on the alley were each twenty-six feet in front by twenty-two feet in depth, with a cellar, main floor and hay-loft. In front of each was a brick vault about three feet wide, covered by a grating and next to each vault was an uncovered and unprotected inclined plane or roadway, extending a little more than three feet from the stable wall out into the alley and descending into the cellar. The alley was paved, and was closed on Thirty-first street by an iron gate, fastened to stone posts, which were ten feet and eight inches apart. When the gate was open, the passage-way was about nine feet wide, the rest of the space being occupied by the gate, posts and a fence running from the posts to a building.

The defendant's rear building has never been used as a stable, but the other three have been so used, the cellar for stabling horses, the first story as a carriage-house, and the upper floor for the storage of hay and grain. The stalls for the horses were in the front part of the cellar, facing the areas in the alley, which furnished light and ventilation. The alley was used for the passage of light carriages, as well as for the heavier vehicles that carried in hay, straw and grain, and carried out refuse. Furniture was also occasionally drawn in that way and ashes drawn out.

The defendant has constructed over the alley-way at the rear of his premises a brick building, one story high, resting on iron girders that are supported by walls on either side. The gate has been removed and the entrance is now fourteen feet ten inches wide in the clear, where it used to be nine feet. A portion of the space formerly occupied by the vault is used for steps to descend into the cellar, and there is a substantial iron railing around the opening. Outside of the railing the alley-way is twelve feet five inches wide, and at all other points under said structure, sixteen feet eight and one-half inches wide. The road-way formerly leading into defendant's cellar has been removed. The distance from the surface of the alley-way to the bottom of the building over the alley-way varies from ten feet seven inches to about eleven feet, the difference depending upon the grade of the pavement beneath, which is lower in the center and higher at the sides. The doors leading into plaintiff's stable are fourteen inches lower than the opening over the alley-way under said building.

The trial court found that " the carriage-way through the defendant's premises is as convenient in regard to breadth for egress and ingress of vehicles as it was before the defendant made the changes " in question, and that " it does not appear that the ingress or egress of any vehicle has been in any respect interfered with or rendered less commodious by reason of the alterations made by the defendant over or upon the alley-way." It was further found that " it does not appear that any vehicle has ever been driven into the alley-way which could not be conveniently driven under the structure as it now exists; that the alley-way as it now exists upon the premises of the defendant, has sufficient light and air for all purposes of egress and ingress; that hay and straw are commonly furnished to customers in the city of New York in bales, and as ordinarily loaded upon a single truck, a load of hay or straw could pass under the building erected by the defendant over the alley-way; that it is usual for the sellers of hay or grain in the city of New York to deliver hay and straw at the stables of customers without special charge for delivering, and the seller of

feed makes up the loads with reference to the height of the doorway through which his vehicle may have to pass; that hay and straw can be conveniently delivered at the stable of the plaintiff in accordance with the usage of business in the city of New York without any inconvenience or cost to him by reason of the building constructed over the alley-way by the defendant; that such vehicles as ordinarily go to livery stables and to private stables can readily and conveniently pass under an opening ten feet high; that the ingress and egress to and from the plaintiff's stable are convenient and the changes made by the defendant have not interfered with the plaintiff's reasonable use of the alley-way and his convenient access to and egress from his stable."

As conclusions of law the court found that the plaintiff has no right to claim that the whole of the carriage-way should be left open for his use, but only so much thereof as will not interfere with his access to or egress from the stable to which it is an appurtenance; that he has no right to light or air by means of the alley-way, except such as is necessary to make the access to the premises effectual; that the only easement to which he is entitled is the right of passage, which is preserved in its integrity, and that no right of the plaintiff has been infringed by the erection in question. The complaint was dismissed on the merits, with costs.

Further facts appear in the opinion.

*Treadwell Cleveland* for appellant. In construing a grant or reservation of a right of way, the court must take into account the nature and condition of the premises granted at the time of the execution of the deed, the purposes that the parties must have had in view, and the uses which, in practice, have been made of the way by the parties in interest. The acts of the parties and the manner in which they have been accustomed to exercise their rights are evidence of the extent of such rights under the grant. (*Rowell* v. *Doggett*, 143 Mass. 483, 487; *Burnham* v. *Nevins*, 144 id. 88; *McConnell* v. *Rathburn*, 46 Mich. 303; *Baker* v. *Fleck*, 45 Md. 337;

*Herman* v. *Roberts*, 119 N. Y. 37; *Onthank* v. *L. S. & M. S. R. R. Co.*, 71 id. 196.) Plaintiff is entitled to insist upon the way remaining in the same condition, and of the same extent as when originally "laid out." (*Lattimer* v. *Levering*, 72 N. Y. 174; *Atkins* v. *Boardman*, 2 Met. 457; *Salisbury* v. *Andrews*, 19 Pick. 250; *Gerrish* v. *Shattuck*, 128 Mass. 571, 574; *Welch* v. *Wilcox*, 101 id. 162, 164; *T. I. Co.* v. *Cunningham*, 8 Allen, 139; *Doyle* v. *Lord*, 64 N. Y. 432; *Freeman* v. *Sayre*, 48 N. J. L. 37; *Rivera* v. *Finn*, 3 N. Y. Supp. 22.)

*Stephen H. Olin* for respondent. As the defendant's lot was conveyed by Davis on June 17, 1852, and the plaintiff's lot on December 21, 1852, there is no implied reservation in favor of the plaintiff. (*Wheeldon* v. *Burroughs*, L. R. [12 Ch. Div.] 31; *Shoemaker* v. *Shoemaker*, 11 Abb. [N. C.] 80; *Outerbridge* v. *Phelps*, 13 id. 117.) The reservation of a right of way does not include a right to receive light and air over the defendant's premises, upon the plaintiff's premises. An easement to receive light and air must be created by deed, at least in cases where the servient tenement is first severed. (*Grafton* v. *Moir*, 1 N. Y. Supp. 4; *Shipman* v. *Beers*, 2 Abb. [N. C.] 435; *Spies* v. *Dam*, 54 How. Pr. 293; *Brooks* v. *Reynolds*, 106 Mass. 31; *Doyle* v. *Lord*, 64 N. Y. 432, 439; *Gerrish* v. *Shattuck*, 132 Mass. 235.) The plaintiff has a right to pass over the alley. The defendant has a right to make every use of the soil consistent with this easement. He may build over the alley provided he leaves it open a sufficient height to allow such vehicles to pass as usually are drawn up a narrow alley to a small private stable, that being the servitude impressed on the land. (*Herman* v. *Roberts*, 119 N. Y. 37; *Atkins* v. *Boardman*, 2 Met. 457; *Gerrish* v. *Shattuck*, 132 Mass. 235; *Rexford* v. *Marquis*, 7 Lans. 249; *Bateman* v. *Talbot*, 31 N. Y. 371; Washb. on Ease. [4th ed.] 188; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 942.)

VANN, J. The right of the defendant to erect the building in question depends upon the reservation contained in the deed

dated June 1, 1852, by which the original proprietor of the four lots conveyed the first to the defendant's grantor and is not at all dependent on the reservation in the later deed, dated December 31, 1852, by which said proprietor conveyed the third lot to the plaintiff's grantor. The rights of the defendant were defined and fixed by the earlier conveyance and were not cut down or affected by the later conveyance to which he was neither party nor privy. The reservation in the deed under which the defendant claims, and which created the easement over the alley so far as it affects his premises, is in these words :

"Reserving, nevertheless, to the owners and occupants of the three houses and the three stables on the easterly side of Fifth avenue, next north of the premises above conveyed, the right of way through and over the carriage or alley-way in the rear of the said above-granted premises to the three stables next north of the one standing on the rear of the above-granted premises, as long as the said three stables shall be occupied as private stables."

As the conveyance was in fee, it vested in the grantee and his assigns all the rights of absolute ownership, except as restricted by the reservation, which, being in favor of the grantor is to be construed most strongly against him. (*Duryea* v. *Mayor, etc.*, 62 N. Y. 592, 597 ; *Borst* v. *Empie*, 5 id. 33, 39 ; *Jackson* v. *Blodgett*, 16 Johns. 172 ; *Jackson* v. *Gardner*, 8 id. 394 ; *Ives* v. *Van Auken*, 34 Barb. 566.)

The reservation is of " the right of way through and over the carriage or alley-way " to the stables and is to continue as long as the stables are " occupied as private stables." The grantor did not reserve the alley-way, itself, but the right of way over it, which means simply the right to pass over it. (*Bodfish* v. *Bodfish*, 105 Mass. 319 ; *Kripp* v. *Curtis*, 71 Cal. 63 ; *Stuyvesant* v. *Woodruff*, 1 Zab. 133 ; *Williams* v. *W. U. R. Co.*, 50 Wis. 76 ; 2 Washburn on Real Prop. 275.)

The right of way was not reserved for all purposes, but for the use of private stables only, as the right continues while the buildings are used for that purpose and ceases when the

specified user ceases.   It was not bounded or defined, except
as it was limited to the use named.   Nothing except a right of
way as thus limited, was reserved.   While the alley-way, as
laid out at the date of the grant, was eighteen feet wide, the
right to pass over every part of that eighteen feet was not
reserved, unless that right was necessary in order to pass and
repass in the usual way and with the usual means, between
the stables and the street.   The use by the grantor of the
words "carriage or alley-way," in the alternative indicates
that he regarded "carriage-way" and "alley-way" as meaning
the same thing and that he meant by neither the alley as laid
out, but the carriage-way that passed over the alley.   In fact
he did not use the word "alley" by itself, at all, but he is
presumed to have had in mind the existing condition of things
upon which his conveyance was to operate.

Thus we have a right of way reserved, but not specifically
defined and the rule in such cases is that the way need be only
such as is reasonably necessary and convenient for the pur-
pose for which it was created.   (*Atkins* v. *Bordman*, 2 Metc.
457; *Bliss* v. *Greeley*, 45 N. Y. 671; *Bakeman* v. *Talbot*,
31 id. 366, 370; *York* v. *Briggs*, 7 N. Y. S. R. 124; *Maxwell*
v. *McAtee*, 48 Am. Dec. 409; *Rexford* v. *Marquis*, 7 Lans.
249; *Matthews* v. *D. & H. Canal Co.*, 20 Hun, 427; *Spencer*
v. *Weaver*, Id. 450; *Tyler* v. *Cooper*, 47 id. 94; affirmed, 124
N. Y. 626; Washburn on Easements, 244; Goddard on Ease-
ments, 333.)

When the right of way is not bounded in the grant, the law
bounds it by the line of reasonable enjoyment.   The defend-
ant, as owner of the land, has the right to use it in any way
that he sees fit, provided he does not unreasonably interfere
with the rights of the plaintiff.   All that is required of him is
that he shall not so contract the alley-way, either vertically or
laterally, as to deprive the plaintiff of a reasonable and con-
venient use of the right of passing to and fro.   Thus the
grant of a right of way "through and over" a space twenty
feet wide, was held to be "the grant of a convenient way
within those limits." (*Johnson* v. *Kinnicutt*, 56 Mass. 153.)

As is said in Goddard on Easements (p. 332): "A right of way along a private road belonging to another person does not give the dominant owner a right that the road shall be in no respect altered or the width decreased, for his right does not entitle him to the use of the whole of the road, unless the whole width of the road is necessary for his purpose, but is merely a right to pass with the convenience to which he has been accustomed; * *. * and even where a right of way was granted over certain roads marked on a plan, and one was described there as forty feet wide, it was held that the grantee was entitled to only a reasonable enjoyment of a right of way, and that such reasonable enjoyment was not interfered with by the erection of a portico, which extended a short distance into the road, so as to reduce it at that point to somewhat less than forty feet." (Citing *Clifford* v. *Hoare*, L. R. [9 C. P.] 362; *Hutton* v. *Hamboro*, 2 Foster & Finlason, 218.)

Was eighteen feet in width, or more than eleven feet in heighth, essential to the reasonable enjoyment by the plaintiff of a mere right of passing to and fro with such vehicles as are used at private stables? Is not the right of way, as it now is, all that is reasonable and necessary for the purpose for which it was granted? When the terms of the reservation are considered in connection with the nature and condition of the premises granted at the time of the execution of the deed, the purpose that the parties are presumed to have had in view and the use which in practice they have made of the way, as found by the trial court, we are of the opinion that the defendant has not interfered with the reasonable enjoyment by the plaintiff of the easement created by the grant.

It is insisted, however, in behalf of the plaintiff, that he is entitled to the light, air and ventilation coming through and over the open space which constituted the alley at the date of the deed. If the alley itself had been reserved, or the right to use it for every purpose, a different question would have arisen, but neither the alley nor the alley-way was reserved, nor anything except the right of way over the alley-way or carriage-way. The language of the reservation confers upon the

plaintiff simply the right of passage and, as incidental thereto, such light and air as are necessary to the convenient enjoyment of that right.   There is no provision which expressly or impliedly requires that the entire space at the rear of defendant's building shall be kept open forever, so that the plaintiff's stables may have air and light.   A right of way to a stable does not carry with it such light and air as the stable needs, but such as the right of way needs for its reasonable enjoyment.   As was said in *Atkins* v. *Bordman* (*supra*), the leading case upon the subject: "As to the darkening    *    *    * the defendants were not liable for damages, unless, from the length of the passage-way, it was so darkened as to render it unfit for the purposes of a passage-way.   We may conceive of a covered passage of eight or ten feet high, of a length so considerable that unless openings were left, there would not be light enough admitted at the ends to enable persons to use it with comfort for the purposes of a passage-way, but unless darkened to that extent, it is not a case for damages."   (Citing *Parker* v. *Smith*, 5 Car. & P. 438 ; *Back* v. *Stacey*, 2 id. 465 ; *Wells* v. *Ody*, 7 id. 410; *Pringle* v. *Wernham*, Id. 377.)

In *Gerrish* v. *Shattuck* (132 Mass. 235), the defendant built over "a passage-way four feet wide" that had been reserved "in, through and over" certain premises, but placed no part of his building on the surface of the ground and left the way unobstructed for a reasonable height above.   It was held that the plaintiff, as the dominant owner, had "no right to light and air above the way," and that she had. "only the right of passing and repassing, with such incidental rights as are necessary to its enjoyment."

To the same effect is *Burnham* v. *Nevins* (144 Mass. 88).

But where the easement was "a passage-way five feet wide in the clear for light and air" and "always to be kept open for the purpose aforesaid," it was held that the dominant owner had a right to the open and unobstructed passage of light and air from the ground upwards and throughout the length of the passage-way.   (*Brooks* v. *Reynolds*, 106 Mass. 31.)

If the alley-way in question had been protected by a restric-

tion of that kind, the claim of the plaintiff would have had a basis in the deed, which would have shown on its face that it was the purpose of the parties to create something more than a mere right of passage. As it is we can find no such intention, because, as we have held, the deed calls for a right of way and nothing more. The space at the rear of the plaintiff's premises is under his exclusive control, subject to the right of way over it, and he can ventilate and light his stable by keeping that space open, but he cannot prevent his neighbor, two doors away, from building on his own land, even if it cuts off some light and air, as long as a suitable passage is left open, with enough light and air to conveniently use it.

Upon the facts as found and under the conveyance as we construe it, no right of the plaintiff has been interfered with by the defendant, and the judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.