MARY E. DALTON, Respondent, *v.* ROSE LEVY et al.. Appellants.

(Argued December 1, 1931; decided January 5, 1932.)

*Abraham Rickman* and *Max Silverstein* for appellants. The only right that plaintiff may properly assert over Jacobs lane is a right to pass and repass. (*Grafton* v. *Moir*, 130 N. Y. 465.)

*John G. Dalton* for respondent. Where land is conveyed by a deed describing the land by reference to a map and bounding the same upon a lane which is mentioned or referred to in the deed, and the fee of the land composing the lane is vested in the grantor, a right of way extending to the full width and length of the lane as shown upon the map is created in the grantee over the lane. (*Baker* v. *Mott*, 78 Hun, 141; 152 N. Y. 637; *Wiggins* v. *McCleary*, 49 N. Y. 346; *Reis* v. *City of New York*, 188 N. Y. 58; *Collins* v. *Buffalo Furnace Co.*, 73 App. Div. 22; *White's Bank of Buffalo* v. *Nichols*, 64 N. Y. 65; *Matter of Village of Olean* v. *Steyner*, 135

N. Y. 341; *Parsons* v. *Johnson*, 68 N. Y. 62; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Lord* v. *Atkins*, 138 N. Y. 184; *Williamson* v. *Salmon*, 105 Misc. Rep. 485; 196 App. Div. 922; 233 N. Y. 657; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Taylor* v. *Hopper*, 2 Hun, 646; 62 N. Y. 649.) It is not essential to plaintiff's right of way that she should have a fee interest in the land composing the lane. (*Holloway* v. *Southmayd*, 139 N. Y. 390; *Cox* v. *James*, 45 N. Y. 557; *Badeau* v. *Mead*, 14 Barb. 328; *Lord* v. *Atkins*, 138 N. Y. 184; *Cunningham* v. *Fitzgerald*, 138 N..Y. 165.) Plaintiff's easement in the lane extends to its full width and length as shown upon the map and must be kept open for the benefit of plaintiff and her successors in title. (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Johnson* v. *Shelter Island Assn.*, 47 Hun, 374; 122 N. Y. 330; *Matter of Village of Olean* v. *Steyner*, 135 N. Y. 341; *Williamson* v. *Salmon*, 105 Misc. Rep. 485; 196 App. Div. 922; 233 N. Y. 657.)

KELLOGG, J. Nathan and Barney Jacobs owned in common a tract of land in Port Washington, N. Y., which was bounded on the north by Main street, and upon the east by Middle Neck road, both of them public streets. The brothers Jacobs, in 1903, caused this tract to be surveyed, subdivided and mapped, and the map to be filed in the county clerk's office. The map indicates a subdivision of the tract into fifty-four lots, an avenue and two streets. The lots are designated by numbers, and their dimensions by appropriate figures. The streets are inclosed between parallel lines, fifty feet apart, and are designated " Maryland avenue," " Maple street " and " Bernard street." The first proceeds north from the southern boundary of the tract and opens into the village street, " Main street." The latter two proceed east from Maryland avenue and open into the village street, Middle Neck road. The brothers Jacobs, in all

their conveyances, made reference to this map for the boundaries of the lands conveyed.

The plaintiff is the owner of lot No. 1, and the defendant of lot No. 2, both of which are approximately rectangular. Lot No. 1 has a frontage on Main street of fifty feet, and a depth of 132 feet; it is bounded on the south by lot No. 3 which has an easterly and westerly length of one hundred feet, and extends through to " Maryland avenue." Lot No. 2 is a corner lot; is bounded on the west by lot No. 1; has a northerly frontage on Main street of fifty feet and an easterly frontage on Maryland avenue of one hundred feet. It will be noted that while lot No. 1 touches lot No. 3 on the south, lot No. 2, with its lesser depth, is not contiguous thereto. Bounded on the north by lot No. 2, on the west by lot No. 1, on the south by lot No. 3, on the east by " Maryland avenue," there is an area, extending east and west fifty feet, and north and south approximately thirty-two feet. This area, as shown upon the map, bears no lot number. Moreover, the line, appearing upon the map to mark the westerly boundary of Maryland avenue, is so broken that, on the easterly boundary of the unnumbered lot, no line appears to divide the lot from the street.

In the year 1903 the brothers Jacobs deeded lots numbered 1, 3, 4 and 5 to William Dene. In defining the lots conveyed, the grantors describe lot No. 1 as bounded in part by the westerly side of " Jacobs lane," and lot No. 3 as in part bounded by the southerly side of " Jacobs lane." Concededly, " Jacobs lane " is the unnumbered lot. The title to that lot is now in the defendant, who acquired it after making acquisition of lot No. 2. In deeding lot No. 1 to the plaintiff, in the year 1907, William Dene did not employ " Jacobs lane " as one of the boundaries of the lot. However, there was included in the description of the premises and rights conveyed this clause: " Together with such right of egress and ingress

as the parties of the first part may have over Jacobs Lane so-called."

The plaintiff claims that she is possessed of a greater right than that of convenient passage and repassage over the unnumbered lot; that Jacobs lane, as it appears upon the map, unnumbered as a lot and unseparated from Maryland avenue by any line, is a part of that avenue; that, as the grant to Dene bounded lots numbered 1 and 3 in part by Jacobs lane, Dene acquired an easement thereover, for its full width and length, as if it were a public street; that as Dene conveyed lot No. 1 to her "together with the appurtenances," she is entitled, in the enjoyment of her ownership of the lot, to the same unrestricted easement.

It is doubtless true that where the owner of a tract of land causes a map of the tract to be filed, which discloses its subdivision into numbered lots, and its intersection by private roads termed "streets" giving access to public highways for all the lots, and conveys the lots by the numbers as they appear upon the map, he conveys, as appurtenances to the lots, easements in the roads, which are as extensive and unrestricted as if they were public streets. (*Wiggins* v. *McCleary*, 49 N. Y. 346; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Lord* v. *Atkins*, 138 N. Y. 184.) That the purpose of such a grantor is to convey such an easement is the necessary implication from the symbols appearing upon the map. The parallel lines extending to public streets; the inclosure of spaces appropriate for roads; the abuttal of all the lots upon some such space; the designation of the spaces as "streets;" the inaccessibility of the lots if the inclosures were not streets; the precise boundaries of the area made subject to the easement — these things indicate that the grantor intends the inclosure to be used by lot owners, to its fullest breadth, as a means of passage, for whatever purposes and by whatever means, and that, like a public street, the roads are forever to remain open and free

from obstructions. The implication may not arise where the road appearing upon the map, to bound the lot conveyed, enlarges to inclose a triangular space, not peculiarly adapted to street purposes, in which case the grantor may build upon the unconveyed triangle. (*Williams* v. *Boston Water Power Co.*, 134 Mass. 406.) In the case cited, the lines, within which a triangle was inclosed, were "wholly unlike two lines obviously drawn in relation to each other for the purpose of indicating a street between." They did not sufficiently and clearly say to the grantee, "This space is forever to remain vacant." (Per HOLMES, J., at p. 415.) In our case, as in the case cited, the rectangle, over which the plaintiff claims an easement as in a public street, is not inclosed within the parallel lines which indicate the course and breadth of a private road. True, it is not divided from the road by any line drawn. Nevertheless, it is a mere recess notched out at the side of the parallelogram, which constitutes the road, and forms no part of the continuous path furnishing egress and access to all the lots. At most, it might serve the uses of the owners of the three lots numbered 1, 2 and 3. Besides this, it does not bear the designation "street" or any other name to indicate its purpose. We conclude that the plaintiff gained no easement thereover, for its unrestricted use to its full width, as if it were a public street, through the fortuitous circumstance that the brothers Jacobs, in conveying the several lots to her predecessor in title, employed the southerly and westerly sides of the lot termed "Jacobs lane" as monuments to bound the property conveyed.

At most, therefore, the plaintiff has a right of "egress and ingress" over the lot, as conveyed to her by Dene, her predecessor. A right of way may be general in its character, that is, usable for all purposes; "or it may be a limited right, as a right of way for carriages but not for carts, or for horses and not for carriages; or it may simply be a footway." (Goddard on Law of Easements, p. 406.)

Where a right of way is reserved or granted, but not specifically defined, the rule is " that the way need be only such as is reasonably necessary and convenient for the purpose for which it was created." All that is required of a defendant, the owner of the servient tenement, is " that he shall not so contract the alley-way, either vertically or laterally, as to deprive the plaintiff of a reasonable and convenient use of the right of passing to and fro." (Per Vann, J., in *Grafton* v. *Moir*, 130 N. Y. 465, 471.) The grant of a right of way " through and over " a space twenty feet wide is " the grant of a convenient way, within those limits." (*Johnson* v. *Kinnicutt*, 56 Mass. 153, 157.)

In this case the defendant, the owner of the lot known as " Jacobs lane," has erected upon the lot a garage, designed for his use as the owner of lot No. 2. There remains an unobstructed space, between the garage and the north line of the lot, which is at least eleven feet wide. We think that this space affords access from Maryland avenue to the rear of the plaintiff's lot, and egress from the latter to the former, which is " reasonable " and " convenient; " that the plaintiff is entitled to a way of passage of no greater width or extent; that with this right the defendant has in no sense interfered; that the plaintiff has no cause of complaint.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

Cardozo, Ch. J., Pound, Crane, Lehman, O'Brien and Hubbs, JJ., concur.

Judgment accordingly.