PATRICK MINOGUE et al., Appellants, v SYLVIA KAUFMAN, Respondent.

An easement of way confers the lawful right to use the surface of property owned by another for unobstructed pas-

sage, with the right to enter upon said property and prepare it for that purpose, together with such other incidental rights as are necessary to the enjoyment of the right of passage *(see, Herman v Roberts,* 119 NY 37, 42). Where the grantor expressly states that the creation of an easement is to provide a right-of-way for ingress to and egress from the grantee's property, then the grantee may only use the easement in such manner as is reasonably necessary and convenient for that purpose *(see, Dalton v Levy,* 258 NY 161, 167; *Grafton v Moir,* 130 NY 465, 470-471).

In this case, the trial court properly concluded that the easement contained in the plaintiffs' deed, providing for "ingress and egress over a 30-foot right of way" over a portion of the defendant's property should be limited to the 12-foot paved roadway, since the plaintiffs failed to establish that roadway was inadequate for the expressly stated purpose intended by the grantee in creating the easement *(see, Dalton v Levy, supra; Grafton v Moir, supra,* at pp 470-471; *Fairfield Props. v Pepe,* 56 AD2d 883, *lv denied* 42 NY2d 805). The only obstruction to free access into and out of the plaintiffs' property was a fence erected by the defendant, which the trial court ordered removed, and which apparently has been removed.

We further agree with the trial court that nothing in the language of the grant suggests that the plaintiffs had a broad right to use the entire 30-foot parcel for another purpose such as landscaping the strips of grass surrounding the roadway on either side *(see, Le Sawyer v Squillace,* 14 AD2d 961, *lv denied* 11 NY2d 648; *cf. Missionary Socy. v Evrotas,* 256 NY 86). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.