■ JOSEPH GETZ et al., Appellants, v RAY HARVEY et al., Respondents. [736 NYS2d 65] —In an action for injunctive and declaratory relief relating to an easement, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Franco, J.), entered May 16, 2000, which, after a non-jury trial, declared, *inter alia*, that the defendants had not encroached on the plaintiffs' easement of access, and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court that the weight of the evidence supports the conclusion that the easement in question was intended to afford a right of egress and ingress only, and that the plaintiffs' right of egress and ingress is fully protected by limiting the physical scope of the easement to the paved highway which runs eastward from East Shore Road toward Manhasset Bay. "[T]he plaintiffs failed to establish that the [paved] roadway was inadequate for the * * * purpose intended by the grantee in creating the easement" (*Minogue v Kaufman,* 124 AD2d 791, 792; *Dalton v Levy,* 258 NY 161; *Grafton v Moir,* 130 NY 465, 470-471; *Fairfield Props. v Pepe,* 56 AD2d 883; *see also, Lewis v Young,* 92 NY2d 443; *Serbalik v Gray,* 268 AD2d 926). Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.