■ MICHAEL MASTRANGELO, Appellant, v. WILLIAM I. AVELLO et al., Respondents. [759 NYS2d 377] —In an action, inter alia, for a judgment declaring the rights of the parties pursuant to an easement, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Dutchess County (Dillon, J.), dated May 3, 2002, which, inter alia, granted the defendants' motion for summary judgment on their counterclaim for injunctive relief limiting the scope of the plaintiff's use of the subject easement to the right fork of the subject driveway, and for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the plaintiff's use of the subject driveway shall be limited to the right fork of the driveway, and that there shall be a pro rata division of future maintenance and repair expenses with respect to the subject driveway.

Where an easement was intended to afford a right of egress and ingress only, a grantor is permitted to limit the scope of that easement so long as it continues to fully protect the grantee's right of egress and ingress (*see Lewis v Young,* 92 NY2d 443, 449 [1998]; *Getz v Harvey,* 289 AD2d 526 [2001]; *Minogue v Kaufman,* 124 AD2d 791, 792 [1986]). Here, the defendants submitted evidence indicating that the easement at issue was granted for the sole purpose of permitting the plaintiff to access his property from a particular street. In addition, they submitted evidence establishing that the proposed restrictions on the easement would not prevent the plaintiff from comfortably accessing his property in the future. The defendants established their entitlement to summary judgment with such evidence (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). In opposition, the plaintiff failed to establish the existence of triable issues of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and limiting the plaintiff's access to that portion of the easement specified by the defendants.

The plaintiff's remaining contention is without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the plaintiff's use of the subject driveway shall be limited to the right fork of the driveway, and that there shall be a pro rata division of future maintenance and repair expenses with respect to the subject driveway (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.