ALICE GUZZONE, Respondent, v LINDA DUFFY BRANDARIZ et al., Appellants. [868 NYS2d 755]—

Express easements are governed by the intent of the parties (*see Lewis v Young*, 92 NY2d 443, 449 [1998]; *Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1077 [2008]). The declaration of easement in this case was for the limited purpose of giving the defendants vehicular ingress to and egress from the subject real property. Accordingly, the easement provided the defendants with a right of passage rather than a right in the physical passageway itself (*see Lewis v Young*, 92 NY2d at 449; *Cypress Hills Cemetery v City of New York*, 35 AD3d 788, 789 [2006]), and the plaintiff, as the owner of the servient parcel, could "narrow it, cover it over, gate it or fence it off, so long as the easement holder's right of passage is not impaired" (*Lewis v Young*, 92 NY2d at 449; *see Sambrook v Sierocki*, 53 AD3d 817, 818 [2008]).

Contrary to the defendants' contention, they failed to demonstrate their prima facie entitlement to judgment as a matter of law on their counterclaims for injunctive relief compelling the plaintiff to remove air-conditioning units from the right-of-way that is encumbered by the easement in dispute and to refrain from interfering with their easement rights. Indeed, in the affidavits submitted by the defendants, it was conceded that the defendants were still able to use the right-of-way for ingress to and egress from the real property. Therefore, the defendants' failure to make a prima facie showing required denial of that branch of their motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Furthermore, the plaintiff demonstrated her entitlement to judgment as a matter of law dismissing those counterclaims, since she submitted ample evi-

dence that the defendants' right-of-way was not significantly impaired by the installation of the air-conditioning units, and the defendants failed to raise a triable issue of fact in opposition to that showing (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Mastrangelo v Avello*, 305 AD2d 557, 558 [2003]; *Minogue v Kaufman*, 124 AD2d 791, 792 [1986]).

The plaintiff's remaining contentions are not properly before this Court. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur. [*See* 16 Misc 3d 1120(A), 2007 NY Slip Op 51521(U).]