In the Matter of LENORE GOLDBERG et al., Respondents, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Appellants. [912 NYS2d 668]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated June 1, 2009, which, after a hearing, granted the application of Janet Slavin for several variances and action for a judgment declaring that construction of the structure authorized by the granting of the application would interfere with the use of a common easement for ingress and egress, the Zoning Board of Appeals of the City of Long Beach and the City of Long Beach appeal, and Janet Slavin separately appeals (1), as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated August 19, 2009, as granted that branch of the motion of the petitioners/plaintiffs which was for a preliminary injunction enjoining Janet Slavin from commencing work on the authorized structure, and (2), a judgment of the same court entered December 1, 2009, which granted the petition, annulled the determination, denied the variances, and dismissed the declaratory judgment action as academic.

Ordered that the appeals from the order dated August 19, 2009, are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, the determination is confirmed, the proceeding is dismissed on the merits, the motion for a preliminary injunction is denied, and the order dated August 19, 2009, is modified accordingly; and it is further,

Ordered that the matter is remitted to the Supreme Court,

Nassau County, for the entry of a judgment, inter alia, declaring that the construction of the subject structure, as proposed and approved, would not interfere with the use of the common easement for ingress and egress; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The appeals from the order dated August 19, 2009, must be dismissed because no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (see CPLR 5701 [b] [1]), and we decline to grant leave in view of the fact that a final judgment has been entered.

Janet Slavin is the owner of a single-story oceanfront bungalow located on a landlocked lot in the West End neighborhood of Long Beach. When originally constructed, Slavin's bungalow was one of 10 single-story bungalows built, in two rows divided by a common walkway, on a parcel of property directly north of the beach, between Illinois Avenue and Ohio Avenue. In the 1930's, the five bungalows lying closest to the shore, those on the southern half of the common walkway, were destroyed by a hurricane. Years later, the owner of the parcel split the land into five separate lots, each measuring approximately 90 feet by 20 feet and each bisected by the common walkway. Before the lots were sold, the original owner recorded an easement that made the common walkway a legal right of way for ingress and egress to both Ohio Avenue and Illinois Avenue.

After Slavin purchased the middle of the five lots, Anna DeSanctis and Frank DeSanctis, who had previously purchased the two lots to the east of Slavin's lot, obtained variances to build a large two-story house on their double lot. Later, Lenore Goldberg, who owned the two lots directly to the west of Slavin's lot, demolished her bungalow and constructed a new home, to the maximum allowable dimensions of the building code, on her double lot. Both the DeSanctis residence and the Goldberg residence were built entirely on the north side of the common walkway.

By application to the Zoning Board of Appeals for the City of Long Beach (hereinafter the Board), Slavin sought variances which would permit her to reconstruct the first floor of her bungalow and construct a second-story addition. As proposed, the first story would be built on the footprint of the existing bungalow and would remain entirely on the north side of the common walkway. The second-story addition, which would be supported by posts and built approximately 12 feet above the common walkway, would extend beyond the first story, bridging

the common walkway and extending onto the southern half of the property. The walkway would maintain its original location and dimensions and would be illuminated by light fixtures controlled by motion sensors. The proposed structure would not violate the setback requirements for the oceanfront portion of the property, but area variances were required because, among other things, the structure would exceed the total maximum building area permitted.

After a hearing, and upon review of submissions from Slavin and from those opposed to the project, the Board granted the variances, finding that the detriment to the health, safety, and welfare of the community did not outweigh the benefit to the applicant. The petitioners, Goldberg and the DeSanctises, then commenced the instant hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment, contending that the Board's determination was arbitrary and capricious, and, alternatively, seeking a declaration that the structure, as proposed, would interfere with their use of the common easement for ingress and egress. The petitioners moved for a preliminary injunction enjoining the commencement of work on the project and, at the same time, requested a "final judgment" on the hybrid proceeding and action. The Supreme Court, in an order dated August 19, 2009, granted a preliminary injunction but denied that branch of the motion that sought a final determination, stating that the motion could be renewed upon the submission of all necessary papers. Thereafter, in a judgment entered December 1, 2009, the Supreme Court granted the petition, annulled the Board's determination as arbitrary and capricious, denied Slavin's application for variances, and dismissed the declaratory judgment action as academic. The City of Long Beach and the Board appeal, and Slavin separately appeals, from both the order and the judgment.

"Local zoning boards have broad discretion in considering applications for area variances" (*Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 67 [2009]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Gjerlow v Graap*, 43 AD3d 1165, 1167 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). In reviewing an application for a variance, a zoning board is required to engage in a balancing test "weigh[ing] the benefit of the grant to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 307 [2002];

*Matter of Crilly v Karl*, 67 AD3d 793 [2009]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 773; Town Law § 267-b [3]; General City Law § 81-b [4] [b]). The judicial function in reviewing such determinations is limited and a reviewing court should refrain from substituting its own judgment for the judgment of the zoning board (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]; *Matter of Rivero v Ferraro*, 23 AD3d 479 [2005]; *Matter of Efraim v Trotta*, 17 AD3d 463 [2005]). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *see Matter of Gjerlow v Graap*, 43 AD3d at 1167; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772).

In the instant case, contrary to the Supreme Court's conclusion, the Board's determination granting the variances was not arbitrary and capricious, and it should have been sustained upon judicial review. After the Board conducted an extensive hearing, considered renderings of the proposal and aerial photographs of the surrounding community, and reviewed area variances previously granted in the neighborhood, it rationally concluded that the proposal would not affect the character of the neighborhood, that the requested variances were not substantial, that the desired benefit could not be achieved by any other method, and that the structure would not have an adverse impact on the physical or environmental conditions in the neighborhood (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612-613). In sum, the Board properly weighed the benefit to the applicant against any potential detriments to the health, safety, and welfare of the community and made a rational determination that was supported by the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612-613; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772; Town Law § 267-b [3]; General City Law § 81-b [4] [b]).

Moreover, the Supreme Court should have declared that the second-story addition, as proposed, would not interfere with the petitioners/plaintiffs' use of the common easement for ingress and egress. Express easements are governed by the intent of the parties (*see Lewis v Young*, 92 NY2d 443, 449 [1998]; *Guzzone v Brandariz*, 57 AD3d 481 [2008]; *Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1077 [2008]). "As a rule, where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical

passageway itself, that is granted to the easement holder" (*Lewis v Young*, 92 NY2d at 449). Indeed, an owner of land that is burdened by an express easement for ingress and egress "may narrow it, cover it over, gate it or fence it off, so long as the easement holder's right of passage is not impaired" (*Lewis v Young*, 92 NY2d at 449; *see Guzzone v Brandariz*, 57 AD3d at 482; *Sambrook v Sierocki*, 53 AD3d 817 [2008]).

In the instant case, the easement specifically granted the petitioners/plaintiffs the right of ingress and egress over the common walkway. Although the petitioners/plaintiffs contend that the addition would impede their ability to use the common walkway to gain access to their respective properties because it would create a "dark and frightening" "alleyway," they failed to submit any evidence supporting this contention. In fact, the record demonstrates that the addition, as proposed and approved, would not impair the petitioners'/plaintiffs' use of the common walkway for ingress and egress, as it would be built approximately 12 feet above the common walkway, that neither the dimensions nor location of the walkway would be altered, and that the walkway would be illuminated by lighting fixtures controlled by motion sensors (*see Sambrook v Sierocki*, 53 AD3d at 818; *see also Guzzone v Brandariz*, 57 AD3d at 482-483).

The respondents/defendants' remaining contentions are without merit. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.