■ MARIANNA MAZZAFERRO, Appellant, v ASSOCIATION OF OWNERS OF MILL NECK ESTATES, INC., Respondent. [16 NYS3d 83]—

In an action for injunctive relief and to recover damages for trespass and nuisance, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered October 28, 2013, as, upon reargument, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is the owner of a parcel of undeveloped property on Sound View Road, part of the Mill Neck Estates subdivision. The defendant is the homeowner's association of the subdivision. According to the plaintiff's deed, she is entitled to a "perpetual right of way . . . over the private roads and drives giving access from the premises hereby conveyed to the public highway, West Shore Road, and over the private rights-of-way to the waters of Mill Neck Bay," while the defendant retained title to the private roads, drives, and rights-of-way. The defendant was required by Nassau County to install an emergency generator for its water supply system and chose the undeveloped portion of Sound View Road in front of the plaintiff's property as the location for the generator. Upon discovering the generator and the attendant retaining wall, concrete platform, and fences in front of the property, the plaintiff commenced this action for injunctive relief and to recover damages for trespass and nuissance.

"A person need not have title to the property, but must simply have sufficient property rights to maintain an action for trespass. Although [a party] d[oes] not have exclusive possession of the area . . . it still ha[s] legal rights against trespass for an unlawful encroachment to its right-of-way" (*Bloomingdales, Inc. v New York City Tr. Auth.,* 13 NY3d 61, 66 [2009] [citation omitted]). "As a rule, where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (*Lewis v Young,* 92 NY2d 443, 449-450 [1998]; *see Guzzone v Brandariz,* 57 AD3d 481 [2008]).

Here, the plaintiff has no right to the roadway itself, but

only to the granted right-of-way to access the property and a right-of-way over the private roads as is necessary and convenient for these purposes (*see J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548 [2005]). There was no evidence presented that the generator substantially interfered with or unlawfully encroached upon the plaintiff's right-of-way on Sound View Road or her right to ingress and egress from Sound View Road (*see generally Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d at 66; *see also Mastrangelo v Avello*, 305 AD2d 557, 558 [2003]). The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the placement of the generator did not impair the plaintiff's right-of-way. In opposition, the plaintiff failed to raise a triable issue of fact (*see Guzzone v Brandariz*, 57 AD3d 481, 483 [2008]).

The plaintiff's remaining contention, that the generator was a nuisance since it negatively affected the aesthetics of the property and surrounding area, is without merit. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.