Grosbard v Abbey on Willow Lane, LLC (2021 NY Slip Op 01397)





Grosbard v Abbey on Willow Lane, LLC


2021 NY Slip Op 01397


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-12111 
2018-04953
 (Index No. 22670/14)

[*1]Robert Grosbard, et al., respondents,
v
Abbey on Willow Lane, LLC, appellant.


Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (John F. Shea III and Craig H. Handler of counsel), for appellant.
Ackerman, O'Brien, Pachman & Brown, LLP (Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY [Anthony C. Pasca and Kim A. Smith], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 22, 2017, and (2) a judgment of the same court dated February 21, 2018. The order, insofar as appealed from, granted those branches of the plaintiffs' cross motion which were for summary judgment on so much of the second cause of action as sought certain declaratory relief and with respect to the defendant's counterclaim for declaratory relief, and, in effect, denied those branches of the defendant's motion which were for summary judgment on its counterclaim and with respect to so much of the second cause of action as sought certain declaratory relief. The judgment, insofar as appealed from, upon the order, declared that the defendant is entitled to reasonable and necessary use of the subject easement over the plaintiff's private roadway for the purpose of ingress and ingress in the manner historically enjoyed by the parties, but has no right to the roadway itself.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs and the defendant own adjoining properties that were once part of a larger common parcel in Shelter Island. The defendant's property borders the plaintiffs' property on the north and also borders a portion of it on the west. The plaintiffs' property is burdened by an express easement that benefits the defendant's property. The easement (hereinafter the 1959 easement) was granted as part of a 1959 property subdivision dividing the subject properties. The [*2]undivided property had benefitted from an easement to the south (hereinafter the Willow Lane connector easement), which extended over two other properties to connect to another easement over a private road known as Willow Lane, which ultimately connects to a public roadway. The properties of the defendant and the plaintiffs both benefit from these easements. The 1959 easement extended the Willow Lane connector easement over the plaintiffs' property for the benefit of the defendant's property. Consistent with the description of the Willow Lane connector easement in earlier deeds, the 1959 easement was described in the deed as "an easement of Right of way for ingress and egress over a Private Road 35 feet in width" in common with the owner of the plaintiffs' property and others who may have the right. The metes and bounds of the 1959 easement was described as per the prior grants, with an additional portion extending approximately 256 feet in length across the western edge of the plaintiffs' property. A dirt and gravel driveway of approximately 10 feet in width within the Willow Lane connector easement provides the only road access to the plaintiffs' property. The dirt and gravel driveway extends to the defendant's property over the 1959 easement across the plaintiffs' property. The defendant's property also directly connects to a public roadway on the west.
The plaintiffs acquired their property in February 2014. The defendant acquired its property in July 2014. The plaintiffs alleged that upon purchasing its property, the defendant engaged in conduct intended to improve the plaintiffs' property in the 1959 easement area by clearing a previously undeveloped section of the property, moving the 10-foot driveway to the eastern edge of the easement, and then landscaping the remaining 25-foot section abutting the defendant's property.
The plaintiffs commenced this action seeking, inter alia, declaratory relief. The first cause of action sought a judgment declaring that the 1959 easement is null and void because it was not recorded in the plaintiffs' chain of title. The second cause of action sought, in the alternative, inter alia, a judgment declaring that the easement area is owned by the plaintiffs, the defendant is entitled only to a reasonably necessary and convenient right-of-way over the easement area for the purposes of ingress and egress, and the defendant does not have the right to widen the right-of-way to the full width and length of the easement area. In its answer, the defendant asserted a counterclaim seeking, inter alia, a judgment declaring that it is entitled to utilize the entire width and length of the easement as a private road in perpetuity.
The defendant moved, inter alia, for summary judgment on its counterclaim and with respect to the declaratory judgment causes of action. The plaintiffs cross-moved, inter alia, for summary judgment on the declaratory judgment causes of action and with respect to the defendant's counterclaim. In an order dated September 22, 2017, the Supreme Court found that the 1959 easement is valid and that it afforded the defendant a right of ingress and egress only, but no right to the roadway itself. The court further found no evidence that there had been a substantial interference upon the defendant's right-of-way over the plaintiffs' property. Consequently, the court, inter alia, granted that branch of the defendant's motion which was for summary judgment with respect to the first cause of action, and granted those branches of the plaintiffs' cross motion which were for summary judgment with respect to the defendant's counterclaim and on so much of the second cause of action as sought a judgment declaring that the defendant enjoyed only a right-of-way for the purposes of egress and ingress and had no right to the roadway itself. The court thereafter entered a judgment dated February 21, 2018, declaring that the defendant has an easement over the plaintiffs' property and is entitled to reasonable and necessary use of the subject easement over the plaintiff's private roadway for the purpose of ingress and ingress in the manner historically enjoyed by the parties, but has no right to the roadway itself and shall disturb no further the plaintiffs' right to the quiet enjoyment of their property. The defendant appeals.
"[E]xpress easements are defined by the intent, or object, of the parties" (Lewis v Young, 92 NY2d 443, 449; see Dowd v Ahr, 78 NY2d 469, 473; Bakeman v Talbot, 31 NY 366, 368). "[W]here the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (Lewis v Young, 92 NY2d at 449; see Grafton v Moir, 130 NY 465, 470; Bakeman v Talbot, 31 NY at 371). Here, the 1959 easement expressly grants a "Right of way for ingress and [*3]egress," and no other purpose is specified. Thus, the scope of the use granted is specifically limited to ingress and egress and the defendant has no right to the roadway itself (see Panday v Allen, 187 AD3d 775; Mazzaferro v Association of Owners of Mill Neck Estates, Inc., 131 AD3d 949, 949-950; Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d 874, 877-878; Le Sawyer v Squillace, 14 AD2d 961, 962; cf. Rozek v Kuplins, 266 AD2d 445). "Where the grantor expressly states that the creation of an easement is to provide a right-of-way for ingress to and egress from the grantee' s property, then the grantee may only use the easement in such manner as is reasonably necessary and convenient for that purpose" (Minogue v Kaufman, 124 AD2d 791, 792; see Grafton v Moir, 130 NY at 470-471).
Having only a right-of-way for the purpose of ingress and egress, there is no merit to the defendant's contention that it is entitled to use the full expanse of the easement area described in its deed. The grant of the right-of-way for ingress and egress over the defined easement area is merely the "'the grant of a convenient way, within those limits'" (Grafton v Moir, 130 NY at 471, quoting Johnson v Kinnicutt, 56 Mass 153, 157; see Dalton v Levy, 258 NY 161, 167; Sambrook v Sierocki, 53 AD3d 817; Serbalik v Gray, 268 AD2d 926; Minogue v Kaufman, 124 AD2d 791; Fairfieled Props. v Pepe, 56 AD2d 883; Le Sawyer v Squillace, 14 AD2d 961). The defendant's owner acknowledged at her deposition that the existing driveway provides sufficient ingress and egress to the defendant's property, and there was no evidence of any interference with that passage by the plaintiffs.
Accordingly, we affirm the judgment insofar as appealed from.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court