Freed v Best (2022 NY Slip Op 02116)





Freed v Best


2022 NY Slip Op 02116


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-14905
2018-14906
 (Index No. 1247/14)

[*1]Todd E. Freed, et al., respondents, 
v
Barbara Best, defendant, Zarko Svatovic, appellant.


Zarko Svatovic, New York, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, in effect, pursuant to RPAPL article 15 to compel the determination of claims to real property, and for injunctive relief, the defendant Zarko Svatovic appeals from (1) a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), entered October 19, 2018, and (2) an amended judgment of the same court entered October 23, 2018. The judgment and the amended judgment, upon a jury verdict, and upon an order of the same court dated September 28, 2018, are in favor of the plaintiffs and against the defendants, inter alia, adjudging that the plaintiffs owned a certain parcel of real property, designated as Lot 12.2, and permanently restricting any pedestrian access rights the defendants may have to the Peconic Bay over the plaintiffs' property to a 10-foot-wide area along the easterly boundary of Lot 12.2.
ORDERED that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is affirmed, without costs or disbursements.
The plaintiffs own real property located on the south side of New Suffolk Avenue in Cutchogue, which borders the Peconic Bay. The defendants own property located on the north side of New Suffolk Avenue. The defendants claim to have a deeded easement over a 33-foot-wide portion of land bordering the plaintiffs' property, designated as Lot 12.2, granting them access from New Suffolk Avenue to the Peconic Bay. In January 2014, the plaintiffs commenced this action, alleging that they owned Lot 12.2, and seeking, among other things, to permanently enjoin the
defendants from interfering with the plaintiffs' property rights and a judgment declaring that the defendants have no interest or rights in Lot 12.2.
In June 2014, the Supreme Court issued a temporary restraining order, inter alia, permitting the defendants to traverse on foot from New Suffolk Avenue to the Peconic Bay on a 10-foot-wide path along the easternmost portion of Lot 12.2 and prohibiting them from entering upon any other portion of the property. Thereafter, a preliminary injunction was granted continuing the temporary restraining order.
A jury trial was held in June and July 2018. A special verdict sheet was submitted to the jury asking it to determine, inter alia, whether the plaintiffs proved their ownership of Lot 12.2 by record title and whether the 10-foot-wide area at the easterly boundary of Lot 12.2 was sufficient to provide the defendants with reasonable and convenient pedestrian access to the Peconic Bay. The [*2]jury returned a verdict finding that the plaintiffs had proved their ownership by record title of Lot 12.2 and that the 10-foot-wide area at the easterly boundary of Lot 12.2 was not sufficient to provide the defendants with reasonable and convenient pedestrian access to the Peconic Bay.
The defendant Zarko Svatovic moved pursuant to CPLR 4404 to set aside so much of the jury verdict as found that the plaintiffs proved their ownership by record title of Lot 12.2 and for judgment as a matter of law, or, alternatively, for a new trial in the interest of justice. The plaintiffs opposed Svatovic's motion and cross-moved, inter alia, pursuant to CPLR 4404 to set aside so much of the jury verdict as determined that the 10-foot-wide area at the easterly boundary of Lot 12.2 was not sufficient to provide the defendants with reasonable and convenient pedestrian access to the Peconic Bay and for judgment as a matter of law, and for injunctive relief. Svatovic opposed the cross motion. By order dated September 28, 2018, the Supreme Court denied Svatovic's motion and granted those branches of the plaintiffs' cross motion which were to set aside so much of the jury verdict as found that the 10-foot-wide area at the easterly boundary of Lot 12.2 was not sufficient to provide the defendants with reasonable and convenient pedestrian access to the Peconic Bay and for judgment as a matter of law, and for permanent injunctive relief, inter alia, restricting any pedestrian access rights the defendants may have to the Peconic Bay over the plaintiffs' property to the 10-foot-wide area along the eastern boundary of Lot 12.2. Thereafter, the court, upon the order dated September 28, 2018, entered judgment on October 19, 2018, in favor of the plaintiffs and against the defendants. An amended judgment was subsequently entered on October 23, 2018. Svatovic appeals.
"'A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party"' (Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 867, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844). "A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Duran v Temple Beth Sholom, Inc., 155 AD3d 690, 693 [internal quotation marks omitted]).
On appeal, Svatovic argues that the jury's finding that the plaintiffs own Lot 12.2
cannot be reconciled with the jury's implicit recognition of the defendants' interest in the right-of-way since the defendants' deeded rights rest solely on third-party ownership of the subject parcel. However, Svatovic's contention that the jury verdict was inconsistent is unpreserved for appellate review because he failed to object to the verdict on that ground prior to the discharge of the jury (see Rozmarin v Sookhoo, 172 AD3d 1415, 1417-1418; Algerio v Caribbean A.C., 98 AD3d 465, 466) Further, viewing the evidence in a light most favorable to the plaintiffs (see Williams v New York City Tr. Auth., 175 AD3d 581, 583), a valid line of reasoning and permissible inferences exist from which the jury could conclude that the plaintiffs are the owners by record title of Lot 12.2 (see CPLR 4404[a]). In addition, the evidence in the record supports the Supreme Court's determination to set aside the jury's finding and award the plaintiffs judgment as a matter of law limiting the defendants' use to a 10-foot-wide path along the easterly boundary of Lot 12.2. The defendants' own witness testified that, historically, the footpath spanned a width of anywhere from 5 feet to 9 feet, and the defendants offered no proof of impairment (see Grosbard v Abbey on Willow Lane, LLC, 192 AD3d 773, 776; O'Hara v Wallace, 52 AD2d 622, 622).
Contrary to the Svatovic's contention, the Supreme Court did not err in admitting into evidence, through the testimony of the plaintiffs' expert, a copy of the last will and testament of the plaintiffs' predecessor in interest, certified by the chief clerk of the Surrogate's Court. Likewise, a copy of the petition requesting probate of the will was properly admitted, having been certified by the plaintiffs' expert (see CPLR 2105). The court properly denied Svatovic's request to admit into evidence a certain title report, as well as an email dated May 30, 2012, on the ground that he failed to lay a proper foundation for the admission into evidence of those documents.
Svatovic contends that he was denied his right to a fair trial as a result of the Supreme [*3]Court's failure to consider the defendants' proposed special verdict sheet. The record reflects that the court repeatedly stated that it was not in possession of any proposed verdict sheet from the defendants and that, during the charge conference, Svatovic expressly agreed to the special verdict sheet distributed by the court, which was then marked as a court exhibit, and that Svatovic later attempted to offer a proposed special verdict sheet. Contrary to Svatovic's contention, the court did not err in concluding that he waived any objection to the special verdict sheet submitted to the jury and that, in any event, Svatovic's proposed special verdict sheet was "totally inappropriate."
Svatovic's remaining contentions are either unpreserved for appellate review or without merit, or do not require reversal.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court